UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LEON LAVIL WILSON,

            Plaintiff,                           Case No. 1:07-cv-254

v.                                                             Honorable Richard Alan Enslen

MARY BERGHUIS et al.,

            Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff is presently incarcerated at the Earnest C. Brooks Correctional Facility (LRF). He sues the following LRF employees: Warden Mary K. Berghuis, Deputy Warden Richard Smith, Assistant Deputy Warden Bobbi Smith, Classifications Director M. Minnerick, Food Service Director L. Daniels, and Grievance Coordinator J. Minnerick.

On September 20, 2006, the Michigan Department of Corrections (MDOC) assigned Plaintiff to work in food service. In December 2006, Defendants accused Plaintiff of spitting on food in a control center tray. Defendant Daniels subsequently recommended to terminate Plaintiff from his food service assignment in Plaintiff's MDOC Prisoner Program and Work Assignment Evaluation. (*See* Ex. A to Compl.) On December 7, 2006, Defendants R. Smith and Daniels terminated Plaintiff from his work assignment. Also on December 7, Defendant M. Minnerick prepared an "Assignment Waiver Form" regarding the incident. The Assignment of Waiver Form notified Plaintiff of his reclassification as unemployed. (Ex. B to Compl.) Under Michigan Department of Corrections, Policy Directive 05.01.100, ¶ Y(5) (effective Jan. 1, 2001), a prisoner may be reclassified as unemployable because the prisoner has a history of disruptive behavior on a work assignment. The policy further states that unemployed prisoners shall not be permitted to participate in any more leisure time activities than those who work full time, and shall be considered for reclassification every 30 calendar days until they return to work. MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶¶ AA, BB.

As a result of Plaintiff's reclassification, Defendant M. Minnerick "placed Plaintiff on no out-of-cell movement and exercise yard restriction for over a period of (30) days." (Compl.

at 6.) Plaintiff notes that this restriction prohibits a prisoner from being out of his cell between 8:00 a.m. and 4:00 p.m., Monday through Friday. (*Id.* at n.1) Since there is no exercise yard period at the facility after 4:00 p.m. during the winter months, Plaintiff could not receive his one hour exercise yard period. (*Id.*)

Plaintiff argues that the allegations by Defendants R. Smith, M. Minnerick and Daniels should have been filed as a Major Misconduct Report so Plaintiff could have received an administrative hearing in accordance with Michigan Administrative Code Rules 791.3310 and 791.3315 before the termination of his work assignment. (Compl. at 12-13.) Plaintiff further claims that there is no avenue for him to contest Defendants R. Smith, Daniels and M. Minnerick's allegations besides writing a grievance. (Compl. at 13.) He states that there is no evidence to prove that Plaintiff spit on a meal tray. (*Id.* at 14.)

In his *pro se* complaint, Plaintiff argues the following constitutional violations regarding his job assignment termination: (1) Defendants Daniels, M. Minnerick, R. Smith, Berghuis, J. Minnerick, and B. Smith violated Plaintiff's due process and equal protection rights by failing to hold an administrative hearing prior to the termination of his work assignment; (2) Defendants conspired to deprive Plaintiff of his due process rights; (3) Defendants Berghuis, B. Smith, M. Minnerick, Daniels and J. Minnerick violated Plaintiff's Eighth Amendment rights by failing to provide Plaintiff with one hour of exercise period; and (4) Defendants R. Smith, M. Minnerick and Daniels violated Plaintiff's due process rights by defaming Plaintiff's character with false allegations. (Compl. at 15.)

For relief, Plaintiff requests compensatory and punitive damages, a temporary restraining order, and a declaratory judgment that Defendants violated Plaintiff's rights under the

Due Process Clause and Equal Protection Clause by failing to provide Plaintiff with an administrative hearing before terminating his work assignment. (Compl. at 17.)

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Due Process Clause**

Plaintiff argues that Defendants violated his due process rights under the Fourteenth Amendment when they terminated his food service employment and classified him as "unemployable" without an administrative hearing. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *But cf. Wilkinson v. Austin,* 545 U.S. 209, 223-24 (2005) (holding that

transfer to Ohio "supermax" prison for an indefinite period occasioning only annual review, and where the placement disqualifies an otherwise eligible inmate for parole consideration, coupled with several other severe restrictions, "imposes an atypical and significant hardship under any plausible baseline").

Contrary to his assertions, Plaintiff does not have a liberty interest in prison employment under the Fourteenth Amendment. *See, e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("no prisoner has a constitutional right to a particular job or to any job"); *Argue v. Hofmeyer,* 80 F. App'x 427, 429 (6th Cir. 2003) ("[p]risoners have no constitutional right to rehabilitation, education, or jobs"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same).  In addition, "as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Carter*, 69 F. App'x at 680 (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).  The Sixth Circuit has also held that a prisoner's confinement to his cell on weekdays while other prisoners worked did not constitute an atypical or significant hardship. *Ingram v. Harry*, 97 F. App'x 20, 21 (6th Cir. 2004).  Under these authorities, Plaintiff fails to state a procedural due process claim.

Plaintiff's substantive due process claim also fails.  Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty . . . ." *United States v. Salerno,* 481 U.S. 739, 746, (1987)

(internal quotation marks and citations omitted); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165, 172 (1952) and *Mertik v. Blalock*, 983 F.2d 1353, 1367-368 (6th Cir.1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Plaintiff's allegations in this case fail to meet this formidable standard, and, thus, he fails to state a claim that his substantive due process rights were violated.

B. **Equal Protection Clause**

Plaintiff claims that Defendants violated his equal protection rights by failing to hold an administrative hearing prior to his termination from food service and his subsequent reclassification as "unemployable." The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiff provides no specific factual allegations to support his contention; therefore, his allegations on this point are wholly conclusory. Plaintiff does not allege that other prisoners received an administrative hearing prior to their termination from a work assignment. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

C. **Eighth Amendment**

Since Defendants classified Plaintiff as "unemployable," Plaintiff's out-of-cell movement was restricted between 8:00 a.m. and 4:00 p.m., Monday through Friday, for at least

thirty days. As there is no exercise yard period at LRF after 4:00 p.m. during the winter months, Plaintiff alleges that he was deprived of his exercise privileges in violation of his Eighth Amendment rights. The Eighth Amendment prohibits cruel and unusual punishment. Traditionally, the Cruel and Unusual Punishments Clause was interpreted to prohibit barbarous or shocking forms of punishment. Over the years, the concept of cruel and unusual punishment has been expanded to encompass punishments, which are unconscionably excessive in relation to the offense committed. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Furthermore, punishment that is without penological justification or involves the unnecessary and wanton infliction of pain also violates the Eighth Amendment's proscriptions. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Gregg*, 428 U.S. at 173. The Eighth Amendment's proscription against cruel and unusual punishment has also been extended to require certain minimal living conditions within the prison environment. Under the "deliberate indifference" standard applicable to such claims, a plaintiff must establish that he is being denied "the minimal civilized measure of life's necessities," and that the defendants have been deliberately indifferent to the plaintiff's needs. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes*, 452 U.S. at 347); *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998) (citation omitted). This is a two-part test involving both objective and subjective elements.

First, a plaintiff must establish that he is being denied a single, identifiable necessity of civilized human existence for the objective test. *Wilson*, 501 U.S. at 304-05. In *Rhodes*, the Supreme Court explained:

> In *Estelle v. Gamble*, *supra*, we held that the denial of medical care is cruel and unusual because, in the worst case, it can result in physical torture, and, even in less serious cases, it can result in pain without any penological purpose. 429 U.S., at 103, 97 S. Ct., at 292. In *Hutto v. Finney*, *supra*, the conditions of confinement in two Arkansas prisons constituted cruel and unusual punishment because they resulted in unquestioned and serious deprivation[s] of basic human needs. Conditions other

> than those in *Gamble* and *Hutto*, alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities. Such conditions could be cruel and unusual under the contemporary standard of decency that we recognized in *Gamble, supra,* at 103-104, 97 S. Ct., at 290-291. But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Rhodes*, 452 U.S. at 347.  The "core" requirements of the Eighth Amendment are "minimally adequate" necessities of civilized life, including reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Anthony v. Bauman,* No. 2:05-CV-64, 2006 WL 2548617, at *3 (Sept. 1, 2006) (citing *Grubbs v. Bradley*, 552 F. Supp. 1052, 1122 (M.D. Tenn. 1982)).

The subjective component of the deliberate indifference standard "mandate[s] inquiry into a prison official's state of mind." *Wilson*, 501 U.S. at 298-99.  The Supreme Court elaborated:

> Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however . . . . [C]onduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. This reading of the Clause underlies our decision in *Estelle v. Gamble, supra*, at 105-106, 97 S. Ct., at 291-292, which held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" did not suffice to make out a claim of cruel and unusual punishment. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Turning first to the objective component of the *Wilson* test, severe restriction on exercise may implicate the Eighth Amendment.  In *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983), the inmate claimed that he was denied out-of-cell exercise during a 46-day period, without penological justification.  The Sixth Circuit responded as follows:

> It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees. Inmates require regular exercise to maintain reasonably good physical and psychological health. *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982), citing *Campbell v. Cauthron*, 623 F.2d 503, 506-07 (8th Cir. 1980); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). *See also* [] *Montana v. Commissioners Court*, 659 F.2d 19, 22 (5th Cir. 1981), *cert. denied*, 455 U.S. 1026, 102 S. Ct. 1730, 72 L.Ed.2d 147 (1982); *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1346 (9th Cir. 1981); *Kirby v. Blackledge,* 530 F.2d 583, 587 (4th Cir. 1976).

*Id*. In *Patterson,* a pre-*Wilson* case, the Sixth Circuit refused to render a *per se* requirement concerning prisoner exercise and recreation. Rather, the Sixth Circuit mandated that resolution of the issue requires a case-by-case analysis. Factors such as the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, other opportunities for recreation, justifications for denial of the right to exercise, physical or psychological injuries resulting from the lack of exercise, an inmate's particularized need for exercise, and the length of the restriction are to be considered. *See Patterson*, 717 F.2d at 289.

In *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985), the issue of out-of-cell exercise was presented again. There, the Sixth Circuit "invited" the district court to consider on remand whether outdoor exercise was constitutionally necessary at all. *Id.* at 927. The court suggested that a particular type of recreation may not be required depending upon "the other types of restrictions placed on the inmates." *Id.* The court went on to state:

> In *Hoptowit,* 682 F.2d at 1247, the court noted that there might be an [E]ighth [A]mendment violation in a case where an inmate is isolated and is deprived of "nearly all fresh air and light." In *Spain v. Procunier*, 600 F.2d at 199, the court refused to adopt a *per se* rule that "deprivation of outdoor exercise is a . . . violation of the [E]ighth [A]mendment." Instead, the court recognized only that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates," *id.,* and held that where certain inmates were permanently confined virtually the entire day in one cell, received "meager" outside movement, and engaged in minimal prisoner contact, those inmates must receive one hour of

>outdoor exercise per day, five times a week. *See also Toussaint v. Yockey*, 722 F.2d 1490 (9th Cir. 1984).

*Id.* at 927-28. Although the Sixth Circuit in *Walker* referred to the one hour per day, five days a week mandate in *Spain*, the court stopped short of endorsing that amount, or indeed any amount, as a constitutional requirement. *Rodgers v. Jabe,* 43 F.3d 1082, 1087 (6th Cir. 1995) (holding prison officials were entitled to qualified immunity for denying the plaintiff out-of-cell exercise for at least one hour per day, five days a week, in a thirty day period). The Sixth Circuit has never set a minimum amount of time a prisoner must have access to outdoor recreation. *Id.* at 1086-087.

In an unpublished opinion, the Sixth Circuit recently held that a prisoner, who refused to accept a school assignment, and, thus, was confined to his room for twenty-three hours, Monday through Friday, failed to state an Eighth Amendment violation for lack of exercise. *Argue*, 80 F. App'x at 430. "Argue has not stated a claim concerning his choice of showering over exercising. This court has never set a minimum amount of time a prisoner must have access to outdoor recreation. *See Rodgers v. Jabe,* 43 F.3d 1082, 1086-87 (6th Cir. 1995) (no minimum amount of outdoor exercise required to avoid Eighth Amendment violation)." *Id.*

In the instant case, Plaintiff claims that he was deprived of outdoor exercise, Monday through Friday, for at least thirty days, because he was confined to his cell from 8:00 a.m. and 4:00 p.m.. (*See* Compl. at 6.) Plaintiff fails to state an Eighth Amendment claim. Plaintiff was only confined to his cell from 8:00 a.m. and 4:00 p.m., Monday through Friday, for approximately thirty days. Defendants also had a legitimate penological purpose to confine Plaintiff to his cell. In recommending Plaintiff to be reclassified as unemployable, Defendants alleged that Plaintiff spit on food while working at food service. The safety of prison staff and other inmates is a legitimate penological purpose. As stated above, the Sixth Circuit has held that a prisoner's confinement to

his cell for twenty-three hours per day, Monday through Friday, does not violate the Eighth Amendment.  *Argue*, 80 F. App'x at 430.  Plaintiff's allegations therefore do not rise to the level of cruel and unusual punishment under the Eighth Amendment.

### D. **Section 1983 Conspiracy Claim**

Plaintiff alleges that Defendants engaged in a conspiracy to violate his due process rights.  Specifically, Plaintiff states "Defendant J. Minnerick instructed Plaintiff to file a grievance, then in return rejected Plaintiff's grievance in a conspiracy to violate Plaintiff's constitutional right to due process."  (Compl. at 8.)  To state a claim for a § 1983 conspiracy, a plaintiff must demonstrate that (1) the defendant entered into an agreement to violate the plaintiff's rights; (2) the defendants shared a general objective to deprive the plaintiff of his rights; and (3) an overt act was committed in furtherance of the conspiracy to deprive the plaintiff of his civil rights that caused injury to the plaintiff.  *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).  As the Sixth Circuit explained:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy.  Each conspirator need not have known all of the details of the illegal plan or all of the participants involved.  All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id*.  However, "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (citation omitted); *see also Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996) ("vague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim

. . . ."). Plaintiff failed to make any allegations that Defendants engaged in a single plan to reject Plaintiff's grievances regarding his termination from the food service assignment. Therefore, I recommend that Plaintiff fails to state a § 1983 conspiracy claim.

### E.     **State Law**

To the extent Plaintiff alleges state law claims under MDOC policy and administrative rules, and state law theories, such as defamation and conspiracy, I recommend that the Court decline to exercise jurisdiction. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Further, Defendants' alleged failure to comply with MDOC policy and the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Accordingly, Plaintiff's state law claims should be dismissed without prejudice.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). I also recommend that this Court should

dismiss Plaintiff's state-law claims without prejudice. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  August 1, 2007                                  /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).