UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON L. WILSON,
                Plaintiff,

                                    Case No. 1:07-cv-254

-v-

                                    HONORABLE PAUL L. MALONEY
                                    HONORABLE ELLEN S. CARMODY

MARY BERGHUIS et al.,
                Defendants.

---

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER
OBJECTIONS

       This Court has before it a Report and Recommendation (Dkt. No. 7) and Plaintiff's

Objections (Dkt. No. 11).  Plaintiff Leon Wilson, a prisoner under the control of the Michigan

Department of Corrections (MDOC), filed a § 1983 action.  The case was assigned to the Honorable

Ellen S. Carmody, United States Magistrate Judge.  The Magistrate Judge issued a Report and

Recommendation (R&R) on August 1, 2007 in which she recommended dismissing the complaint

for failure to state a claim.  Plaintiff was granted additional time to file objections.  Plaintiff filed

his objections on October 16, 2007.

I.  STANDARD OF REVIEW

       After being served with a report issued by a Magistrate Judge, a party has ten days to file

written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)©; FED.

R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  A district court judge

reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. §

636(b)(1)©; FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding

the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b).

This Court conducted a de novo review.  Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is adopted over Plaintiff's objections.

## II. ANALYSIS

Plaintiff, along with several other individuals, was terminated from his employment with the prison food service when prison officers determined food serving trays had been spit upon.  Plaintiff was classified as unemployable and, as a result, was confined to his cell between 8:00 a.m. and 4:00 p.m. for more than 30 days.  Reviewing Plaintiff's complaint, the Magistrate Judge identified five claims and recommends dismissing all of them.

Plaintiff does not offer a specific objection to the conclusion that he failed to state a claim for conspiracy.  Plaintiff also does not offer a specific objection to the conclusion that any state law claims should be dismissed without prejudice because this Court should decline to exercise supplemental jurisdiction over those allegations.  Instead, Plaintiff issues a general objection,

2

referring this Court to his verified complaint and requests appointment of an attorney to assist him in perfecting objections to these two recommendations.

This Court finds Plaintiff's general objections to the conspiracy and state law recommendations inadequate as to require a de novo review.  Under this Circuit's case law, general objections do not require de novo review.  The Magistrate Judge's recommendations are adopted with regard to the conspiracy claim and any state law claims in the complaint.

Defendant is not entitled to an attorney, however he may request one under 28 U.S.C. § 1915(e)(1).  *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  The decision to grant a request for an attorney under that statute is within the discretion of the court and should be allowed only in exceptional cases. *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d at 606 (6th Cir. 1993) ("Appointment of counsel . . . is not appropriate when a pro se litigant's claims are frivolous . . . or when the chances of success are extremely slim." (citations omitted) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985))).  Upon consideration of the type of case, the ability of Plaintiff to represent himself, the complexity of the legal and factual issues involved, this Court denies Plaintiff's request for appointment of an attorney.  *See Lavado*, 992 F.2d at 606 (discussing the factors a court should consider).

Plaintiff identifies specific objections to the conclusions that he failed to state a claim under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment.  First, Plaintiff objects to the recommendation that his claim under the Due Process Clause be dismissed.  Plaintiff argues the Magistrate Judge ignores that his claim is based on his right to an administrative hearing, not his right to prison employment.  Plaintiff's reliance on MCL 791.251 is misplaced.  The statute provides the hearings division is responsible for each prisoner hearing "that may result in the loss

3

by a prisoner *of a right*, including but not limited to any 1 or more of the following " (emphasis added) MCL 791.251(2).[1]  In order for Plaintiff to be entitled to a hearing under the statute, he must be faced with the deprivation of a right.  *See Oswald v. Graves*, 819 F. Supp. 680, 684 (E.D. Mich. 1993); *Martin v. Stine*, 542 N.W.2d 884, 886 (Mich. App. 1995).  The Magistrate Judge correctly concluded there is no right to, or even a liberty interest in, employment in prison.

Plaintiff alleges, in the complaint, he should have been given an administrative hearing because his actions constituted a serious rules violation under MDOC Policy Directive 03.03.105. Plaintiff suggests his alleged conduct violates the prohibition on possession of contraband (including bodily fluids stored in a container within a cell or room).  However, MDOC never alleged Plaintiff kept spit in a container or that he stored spit in a cell or room.  Plaintiff's suggestion that his conduct violates this provision, while creative, would produce absurd results.  Simply generating spit in one's mouth would constitute a major misconduct offense.  Clearly this natural bodily function was not intended to be a punishable offense.  Plaintiff also suggests his conduct could be classified as threatening behavior.  While it would be possible to conclude spitting in a tray of food constitutes threatening behavior as defined in the Policy Directive, the prison officials declined to do so in this

---

[1]Plaintiff does not attempt to place the loss of his job into one of the categories listed in the statute where a hearing is required.  This Court finds none of the categories are applicable to Plaintiff's situation.  The statute requires a hearing for

> (a) An infraction of a prison rule that may result in punitive segregation, loss of disciplinary credits, or the loss of good time.
> (b) A security classification that may result in the placement of a prisoner in administrative segregation.
> (c) A special designation that permanently excludes, by department policy or rule, a person under the jurisdiction of the department from community placement.
> (d) Visitor restrictions.
> (e) High or very high assaultive risk classifications.

MCL 791.251(2)

4

instance.  As a result, Plaintiff was not subjected to the loss of any right and therefore no hearing was required.  Even if Plaintiff was issued a major misconduct violation, a hearing had been held and it was determined that Plaintiff did not spit on the trays, Plaintiff still has no right to the job. Plaintiff's objection is therefore denied.

Plaintiff objects to the recommendation that his claim under the Equal Protection Clause be dismissed.  The Magistrate Judge recommends dismissing the claim because Plaintiff failed to provide any factual support for his claim that he was treated differently than other similarly situated persons.  Plaintiff objects on the basis that his complaint alleges that other prisoners who were accused of spitting in trays were issued major misconduct reports and provided hearings, citing paragraphs 15 and 16 of the complaint.  This Court disagrees with Plaintiff's characterization of his complaint.  Nowhere in the complaint does Plaintiff allege the other individuals accused of spitting in the trays were issued major misconduct reports and provided administrative hearings prior to their termination from the work assignment.  Plaintiff's objection is denied.

Plaintiff objects to the recommendation that his claim under the Eighth Amendment be dismissed.  The Magistrate Judge recommends dismissing the claim because Plaintiff could not establish the objective and subjective elements of the appropriate test.  Plaintiff argues the Magistrate Judge made conclusions of material facts which are inappropriate at this stage of litigation.  On the contrary, the Magistrate Judge concluded Plaintiff failed to plead facts sufficient to establish a cause of action.  Plaintiff failed to establish the objective element by pleading facts that would support the conclusion that the restrictions placed on him were so severe as to implicate the Eighth Amendment.  *See Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Patterson v. Mintzes*, 717 F.2d 284 (6th Cir. 1983).  Plaintiff alleges in his complaint he was confined to his cell between 8:00

a.m. and 4:00 p.m. because of his unemployable status and that he was denied his one hour of exercise yard time because, during the winter months, the yard is closed after 4:00 p.m.  Standing alone, that allegation does not state a claim.  *See Rodgers  v. Jabe*, 43 F.3d 1082, 1086-1087 (6th Cir. 1995).  Plaintiff challenges the Magistrate Judge's conclusion that there was a penological justification for confining him to his cell without exercise.  Plaintiff misunderstands the justification.  He was confined to his cell not because he spit in food, but because he was classified as unemployable.  Rather than having prisoners wander around during the day, those who are not assigned tasks must remain in their cells for safety purposes.  Plaintiff's objection is denied.

III.  CONCLUSION

Plaintiff's objections fail to establish that his complaint states a claim for which relief may be granted.  Accordingly, Plaintiff's objections are denied.


ORDER

The Report and Recommendation (Dkt. No. 7) is **ADOPTED OVER OBJECTIONS.** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.  **THIS ORDER TERMINATES THE ACTION**.  **IT IS SO ORDERED.**


Date:   November 6, 2007                                         /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge