UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON WILSON,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                                        Case No. 1:07 CV 254

MARY BERGHUIS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #36). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On September 20, 2006, the Michigan Department of Corrections (MDOC) assigned Plaintiff to a position in food service. On December 7, 2006, Defendants Daniels and Smith terminated Plaintiff from his food service position after he allegedly spit "in a control center food tray." Defendant M. Minnerick then "placed Plaintiff on a no out-of-cell movement and exercise yard restriction," pursuant to which Plaintiff was not permitted to leave his cell "for over a period of (30) days." Plaintiff subsequently requested an administrative hearing regarding the decision to terminate him from his food service position. Plaintiff's request was denied.

Plaintiff initiated the present action on March 14, 2007, against the following individuals: (1) Warden Mary Berghuis; (2) Deputy Warden Richard Smith; (3) Assistant Deputy Warden Bobbi Smith; (4) Classifications Director M. Minnerick; (5) Food Service Director L. Daniels; and (6) Grievance Coordinator J. Minnerick. Plaintiff asserted that Defendants: (1) violated his right to due process and equal protection by depriving him of a administrative hearing prior to terminating his food service assignment; (2) conspired to deprive Plaintiff of his right to due process; (3) failed to provide Plaintiff with one hour of exercise period daily; and (4) violated Plaintiff's right to due process by defaming his character with false allegations. Plaintiff seeks monetary, declaratory, and injunctive relief.

On August 1, 2007, the undersigned recommended that Plaintiff's action be dismissed for failure to state a claim. (Dkt. #7). The Honorable Paul L. Maloney adopted this recommendation over Plaintiff's objections and terminated this action. (Dkt. #14). Plaintiff appealed the matter to the Sixth Circuit which affirmed in part and vacated and remanded in part the Court's ruling. (Dkt. #20). Specifically, the Sixth Circuit affirmed the Court's ruling except for the determination that Plaintiff's Eighth Amendment claim (concerning his alleged confinement to his cell for 30 days) failed to state a claim. In this respect, the Sixth Circuit stated that "[t]he facts alleged by Wilson were sufficient to state a plausible Eighth Amendment claim." *Id.* Defendants now move for summary judgment.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

I.   **Defendants Berghuis, B. Smith, J. Minnerick**, **R. Smith, and Daniels**

Defendants Berghuis, B. Smith, and J. Minnerick argue that they are entitled to relief because "Plaintiff has not averred facts demonstrating [their] personal involvement in the activity forming the basis" of Plaintiff's Eighth Amendment claim.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999). Plaintiff's complaint contains no allegations against these

Defendants regarding his Eighth Amendment claim. The Court recommends, therefore, that Plaintiff's Eighth Amendment claims against Defendants Berghuis, B. Smith, and J. Minnerick be dismissed.

While Defendants R. Smith, and Daniels have not asserted entitlement to relief on this basis, the Court finds that such is appropriate. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from suit. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). Plaintiff's complaint likewise contains no allegations against Defendants R. Smith or Daniels concerning his Eighth Amendment claim. Plaintiff's Eighth Amendment claim is premised on the allegation that Defendant M. Minnerick placed him "on a no out-of-cell movement and exercise yard restriction," pursuant to which Plaintiff was not permitted to leave his cell "for over a period of (30) days." The Court recommends, therefore, that Plaintiff's Eighth Amendment claims against Defendants R. Smith and Daniels also be dismissed.

**II.       Defendant M. Minnerick**

   A.   Official Capacity Claim

In his complaint, Plaintiff states that he is suing Defendants in both their personal and official capacities. Defendant asserts that he is entitled to immunity under the Eleventh Amendment to the extent that Plaintiff seeks monetary damages for violation of his Eighth Amendment rights.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of

any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).

The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

With respect to his Eighth Amendment claims, Plaintiff seeks only monetary relief. The Court recommends, therefore, that Defendant M. Minnerick is entitled to immunity as to Plaintiff's Eighth Amendment claim for monetary damages against him in his official capacity.

B.     Personal Capacity Claim

With respect to Plaintiff's Eighth Amendment claim asserted against him in his personal capacity, Defendant M. Minnerick claims that he is entitled to qualified immunity. Specifically, Defendant asserts that he is entitled to immunity because "[c]learly established law does not dictate a

conclusion that [he] should have known that a 30-day 8:00 a.m. to 4:00 p.m. room restriction would violate the Eighth Amendment."

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated. *Id.* Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996). The question of whether a defendant enjoys qualified immunity is a question of law for the Court to resolve. *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001); *Bell-Bey v. Williams*, 87 F.3d 832, 836 (6th Cir. 1996).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. At step one, the Court determines whether the plaintiff's allegations, construed in the light most favorable to the plaintiff, establish a violation of his constitutional rights. *See Pearson v. Callahan*, 129 S.Ct. 808, 815-16 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity. *See Callahan*, 129 S.Ct. at 816. On the other hand, if the plaintiff's allegations demonstrate a violation of his constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right." *Id.*

Where neither the motion for qualified immunity nor the opposition thereto is supported by evidence, the first step of the qualified immunity analysis focuses on the allegations in the plaintiff's complaint and whether such state a claim for violation of the plaintiff's constitutional rights. If, on the other hand, the motion for qualified immunity and/or the opposition thereto are supported by evidence, such must be considered pursuant to the summary judgment standard articulated above. Thus, if the evidence submitted by the parties demonstrates the existence of a genuine factual dispute, the resolution of which is essential to determining whether the defendant violated the plaintiff's constitutional rights, qualified immunity is not warranted. However, if the evidence establishes that the defendant did not violate the plaintiff's constitutional rights, qualified immunity is appropriate. *See, e.g., Scott v. Harris*, 550 U.S. 372, 377-86 (2007) (officer entitled to qualified immunity where evidence was such that "no reasonable jury" could have concluded that officer violated the plaintiff's constitutional rights).

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005) (quoting *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177-78 (6th Cir. 1988)). In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." *Fisher*, 398 F.3d at 845-46 (quoting *Seiter*, 858 F.2d at 1177). A single idiosyncratic opinion from another circuit's court of appeals, however, is insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

In determining whether Defendant is entitled to qualified immunity, the focus is on the objective legal reasonableness of his actions in light of clearly established law as it existed when he engaged in the challenged conduct. *See Anderson*, 483 U.S. at 640; *Harlow*, 457 U.S. at 818; *Fisher*, 398 F.3d at 845. Accordingly, the Court must determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Fisher*, 398 F.3d at 845 (quoting *Saucier*, 533 U.S. at 202).

Finally, while it "is often appropriate" to evaluate qualified immunity claims by analyzing the two steps (identified above) in sequence, such is no longer mandated. *See Callahan*, 129 S.Ct. at 818. As the *Callahan* Court concluded, "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Defendant's claim of qualified immunity is based on a misinterpretation of Plaintiff's claim. Defendant has interpreted Plaintiff's claim as asserting that his Eighth Amendment rights were violated because he was not allowed out of his cell between 8:00 a.m. and 4:00 p.m. to exercise. In his complaint, however, Plaintiff clearly alleges that during the relevant time period he was prevented from exiting his cell *at any time* to exercise. (Dkt. #1 at 6). The Sixth Circuit appears to have interpreted Plaintiff's Eighth Amendment claim in this manner, stating that "Wilson's [Eighth Amendment] claim is that his placement on cell restriction for 30 days without access to exercise violated his Eighth Amendment right to be free from cruel and unusual punishment." (Dkt. #20 at 3).

The Sixth Circuit held that this allegation stated a claim on which relief may be granted, satisfying the first element of the qualified immunity analysis. While Defendant has submitted certain

evidence which purports to establish that, during the relevant time period, Plaintiff was permitted to exit his cell and exercise after 4:00 p.m., the Court finds that such fails to establish that Defendant is entitled to the relief requested.

Defendant Berghuis has submitted an affidavit in which she asserts that a prisoner who has been classified as "unemployable," as Plaintiff was during the relevant time period, "is confined to his cell during normal work hours." (Dkt. #37, Exhibit C). Defendant Berghuis further asserts that during the relevant time period Plaintiff "was not serving a 'loss of privileges' sanction that would have otherwise caused him to be confined to his cell after 4:00 p.m." Finally, Berghuis identifies an MDOC Policy Directive that provides that all general population prisoners "shall be afforded the opportunity for at least one hour per day indoor or outdoor recreation (i.e., yard) unless restricted for medical or security reasons." *Id.*

While Plaintiff has not responded to the present motion for summary judgment, his complaint is properly verified and, therefore, carries "the same force and effect as an affidavit." *United States v. Ninety Three Firearms*, 330 F.3d 414, 428 (6th Cir. 2003) (quoting *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992)); *see also*, *Sharp v. Makowski*, 2000 WL 1800215 at *5 (6th Cir., Nov. 28, 2000) ("a verified complaint satisfies the requirements of Rule 56(e) as an opposing affidavit"). In his complaint, Plaintiff asserts that Defendant Minnerick placed him "on a no out-of-cell movement and exercise yard restriction," pursuant to which he was not permitted to leave his cell "for over a period of (30) days."

Defendant Berghuis does not assert that Plaintiff was afforded an opportunity to exit his cell and exercise after 4:00 p.m. during the relevant time period. While MDOC policy may provide that all prisoners must be afforded an opportunity to exercise daily, the mere existence of such a policy is not

evidence that it was respected in the present instance. As for whether Plaintiff, in addition to being confined to his cell from 8:00 a.m. until 4:00 p.m., was serving any additional restriction that would have prevented him from leaving his cell to exercise after 4:00 p.m., there exists a genuine factual dispute. While Berghuis asserts that Plaintiff "was not serving a 'loss of privileges' sanction that would have otherwise caused him to be confined to his cell after 4:00 p.m.," Plaintiff asserts that Defendant M. Minnerick placed him on a restriction that prevented him from leaving his cell for a period of 30 days. Defendant M. Minnerick has not submitted an affidavit in support of the present motion. The Court concludes, therefore, that there exists a genuine factual dispute as to whether Defendant M. Minnerick violated Plaintiff's Eighth Amendment rights.

With respect to the second prong of the qualified immunity analysis, it was clearly established as of December 2006 that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Defendant does not assert that there existed any penological justification to deprive Plaintiff of all exercise opportunities for the 30-day period in question. The Court concludes, therefore, that Defendant M. Minnerick is not entitled to qualified immunity. The Court likewise concludes that Defendant M. Minnerick is not entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #36), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's Eighth Amendment claims against Defendants Berghuis, B. Smith, J. Minnerick, R. Smith, and Daniels be dismissed. The undersigned further recommends that

Plaintiff's claim against Defendant M. Minnerick in his official capacity be dismissed, but that Plaintiff's claim against Defendant M. Minnerick in his personal capacity go forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 26, 2009                              /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge