UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>EON</small> W<small>ILSON</small>,
   Plaintiff,

No. 1:07-cv-254

-v-

HONORABLE PAUL L. MALONEY

M<small>ARY</small> B<small>ERGHUIS</small>, <small>ET AL</small>.,
   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Wilson, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint under 42 U.S.C. § 1983 against several employees of the MDOC. The magistrate judge issued a report recommending all remaining claims be dismissed, with the exception of the Eighth Amendment claim against Defendant Minnerick. (Dkt. No. 41.) Defendant Minnerick filed objections. (Dkt. No. 42.) Plaintiff did not file any objections.

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas*

*v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

Defendant is not entitled to the relief sought. The court has reviewed *de novo* the verified complaint, the motion, the report and recommendation, objections, and relevant legal authority. The court finds the report and recommendation to be well reasoned. Specifically, the court finds the magistrate judge's analysis of the evidence and documentation put forth by the parties to be accurate. In the verified complaint, Plaintiff has alleged Defendant Minnerick placed him on "a no out-of-cell movement and exercise yard restriction for over a period of (30) days." (Compl. 6.) The evidence put forth by Defendants, as explained in the report, does not entitled Defendant Minnerick to summary judgment on the basis of qualified immunity. At the very least, there exists a genuine issue of material fact on whether Plaintiff was confined to his cell, without the ability to exercise, for 30 days. Because of this genuine issue of material fact, the legal authority cited by Defendants does not establish that Defendant Minnerick is entitled to qualified immunity.

For these reasons, the report and recommendation (Dkt. No. 41) is **ADOPTED** over objections as the opinion of this court. Defendants' motion for summary judgment (Dkt. No. 36) is **GRANTED IN PART and DENIED IN PART. IT IS SO ORDERED.**

Date: May 10, 2010 /s/ Paul L. Maloney  
Paul L. Maloney  
Chief United States District Judge